IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:<br>ANTOINE THOMAS,<br>SSN: xxx-xx-4885<br>    Debtor. | ) ) ) ) ) | CASE NO.: 12-41045-JJR13<br><br>CHAPTER 13 |
| SENSIBLE LOANS, INC.,<br>    Plaintiff, | ) ) ) ) | |
| v. | ) ) | AP NO.: 12-40029 |
| ANTOINE THOMAS<br>a/k/a THURMAN THOMAS,<br>and<br>DORELLE THOMAS,<br>    Defendants. | ) ) ) ) ) ) | |

## ANSWER

**COMES NOW**, Plaintiff, Sensible Loans, Inc. (hereinafter referred to as "Sensible Loans"), by and through its counsel and in response to the Counterclaim of Defendants, Antoine Thomas and Dorelle Thomas, would state as follows:

1. Plaintiff, Sensible Loans, admits to the averments contained in Paragraph One.

2. Plaintiff, Sensible Loans, admits to the averments contained in Paragraph Two.

3. Plaintiff, Sensible Loans, admits to the averments contained in Paragraph Three.

4. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Four.

5. Plaintiff, Sensible Loans, denies this averment to the expert it calls for a conclusion of law.

6. Plaintiff, Sensible Loans, admits it provided the Defendants with a TILA Disclosure Statement at the time of the subject credit transaction as contained in Paragraph Six. However, Plaintiff denies said TILA Disclosure Statement is attached to the Defendants' Counterclaim as contained in Paragraph Six.

7. Plaintiff, Sensible Loans, admits 7(a) and (b) as contained in Paragraph Seven. However, Sensible Loans denies all other averments as contained in Paragraph Seven.

8. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Eight.

9. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Nine.

10. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Ten and affirmatively states it unilaterally issued a corrective disclosure.

11. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Eleven.

12. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Twelve.

13. Plaintiff, Sensible Loans, admits it received a rescission letter on June 1, 2012 from the Defendants as contained in Paragraph Thirteen. However, Plaintiff, Sensible Loans, denies the Defendants attempt was proper and further denies a copy of such letter is attached to the Defendants Counterclaim as Exhibit C as contained in Paragraph Thirteen.

14. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Fourteen.

15. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Fifteen.

16. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Sixteen and would point to its efforts to properly adhere to the automatic stay imposed by the

Defendant, Antoine Thomas's, bankruptcy filing on June 4, 2012, only three days after the June 1, 2012 rescission letter.

17. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Seventeen.

18. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Eighteen.

19. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Nineteen.

20. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Twenty.

21. Plaintiff, Sensible Loans, admits it received a rescission letter on June 1, 2012 from the Defendants as contained in Paragraph Twenty-One. However, Plaintiff, Sensible Loans, denies the Defendants attempt was proper and further denies a copy of such letter is attached to the Defendants Counterclaim as Exhibit C as contained in Paragraph Twenty-One.

22. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Twenty-Two.

23. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Twenty-Three.

24. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Twenty-Four and would point to its efforts to properly adhere to the automatic stay imposed by the Defendant, Antoine Thomas's, bankruptcy filing on June 4, 2012, only three days after the June 1, 2012 rescission letter.

25. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Twenty-Five.

26. Plaintiff, Sensible Loans, neither admits nor denies the averments contained in Paragraph Twenty-Six.

27. Plaintiff, Sensible Loans, neither admits nor denies the averments contained in Paragraph Twenty-Seven.

28. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Twenty-Eight.

29. Plaintiff, Sensible Loans, admits it received a rescission letter on June 1, 2012 from the Defendants as contained in Paragraph Twenty-Nine. However, Plaintiff, Sensible Loans, denies the Defendants attempt was proper and further denies a copy of such letter is attached to the Defendants Counterclaim as Exhibit C as contained in Paragraph Twenty-Nine.

30. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Thirty.

31. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Thirty-One.

32. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Thirty-Two and would point to its efforts to properly adhere to the automatic stay imposed by the Defendant, Antoine Thomas's, bankruptcy filing on June 4, 2012, only three days after the June 1, 2012 rescission letter.

33. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Thirty-Three.

34. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Thirty-Four.

35. Plaintiff, Sensible Loans, denies the averments contained in Paragraph Thirty-Five.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Counter-Plaintiff failed to rescind within three (3) business days of the delivery of disclosures required by law.

### SECOND DEFENSE

All material disclosures required by the Truth-in-Lending Act were made.

### THIRD DEFENSE

Any error by the creditor was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### FOURTH DEFENSE

The statute of limitations bars Counter-Plaintiff's claim for damages.

### FIFTH DEFENSE

The Counter-Plaintiff accepted the benefits of the loan transaction for a period of eighteen (18) months after receiving notice of the amount financed correction and under the Doctrine of Estoppel is now barred from rescission.

### SIXTH DEFENSE

The Counter-Plaintiff accepted the benefits of the loan transaction for a period of eighteen (18) months after receiving notice of the amount financed correction and under the Doctrine of Laches is now barred from rescission.

## SEVENTH DEFENSE

The Counter-Plaintiff accepted the benefits of the loan transaction for a period of eighteen (18) months after receiving notice of the amount financed correction and under the Doctrine of Ratification is now barred from rescission.

/s/ Gary P. Wolfe
Gary P. Wolfe
Attorney for Sensible Loans, Inc.

WOLFE, JONES, CONCHIN, WOLFE,
HANCOCK & DANIEL, LLC
905 Bob Wallace Avenue
Huntsville, Alabama 35801
(256) 534-2205 - Telephone
(256) 519-6691 - Facsimile
bankruptcy@wolfejones.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below listed parties to this action by placing a copy of same in the United States Mail, postage pre-paid and properly addressed, or by notification of the CM/ECF electronic notification system, this the 30 day of July, 2012.

/s/ Gary P. Wolfe

*VIA U.S MAIL*

Mr. Antoine Thomas
a/k/a Thurman Thomas
Post Office Box 887
Lincoln, Alabama 35096

Mrs. Dorelle Thomas
119 Lock Four Road
Lincoln, Alabama 35096

*VIA ELECTRONIC NOTICE*

Hon. Harvey B. Campbell, Jr.
Post Office Drawer
Talladega, Alabama 35161
hbcampbell@prodigy.net